In re PARIS INDUSTRIES CORPORATION, Vitro Agate Corporation, Otselic Enterprises, Inc., Stylecrafters Corporation, Gladding Cordage Corporation, Debtors.

Bankruptcy Nos. 87–20111 through 87–20115.

United States Bankruptcy Court, D. Maine.

Jan. 10, 1989.

See also, Bkrtcy., 80 B.R. 2.

M. Elaine Beauchesne, Atty., Hoglund and Associates, Portland, Me., for Chapter 11 trustee.

Thomas Cox, Petruccelli, Cohen, Erler & Cox, Portland, Me., for leander.

MEMORANDUM

FREDERICK A. JOHNSON, Chief Judge.

The sole issue addressed here is whether the transfers of claims of employees for

vacation pay are "assignments" of the employee claims to Leander Acquisition Corp. or whether Leander is "subrogated" to the rights of the employees. If the transfers are unconditional assignments then the claims are entitled to the same Section 507(a)(3) priority in the hands of Leander as they were in the hands of the employees. If Leander's rights by virtue of the transfers arise by subrogation then Leander may not be entitled to priority under Section 507(a)(3). But *see In re Missionary Baptist Foundation of America, Inc.,* 667 F.2d 1244 (5th Cir.1982).

The court concludes that Leander is an unconditional assignee. The payments to the employee assignors were for the employees' benefit in that the employees were not required to "await the unfolding of the bankruptcy process." 3 *Collier on Bankruptcy,* ¶ 507.07 (L. King 15th ed. 1988). Leander was under no legal compulsion to pay the employees. The fact that Leander was advantaged in the sense that its employees were contented does not change the result.

The next issue to be addressed is whether the vacation pay was earned within 90 days before the filing of the petition. Leander bears the burden of proof on this issue.

From the briefs of the parties it appears that at least some of the employees and Leander may assert a priority claim under Section 507(a)(1) for vacation pay earned post petition. Such claims are subject to the rule stated in *In re Mammoth Mart,* 536 F.2d 950 (1st Cir.1976).

A pretrial conference is scheduled to address the issues for February 2, 1989 at 1:30 P.M.

An appropriate order will be entered.